**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Lee Luster, | No. CV-22-00519-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Plaintiff Marcus Lee Luster, who is confined in the Pima County Jail, initiated this action by filing a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Pending before the Court are Plaintiff's Motion to Extend Time for Summons/Appointment of Counsel (Doc. 12), Plaintiff's Motion for Appointment of Counsel/Injunctive Relief (Doc. 18), Plaintiff's Application for Entry of Default (Doc. 22), to which Defendants Responded (Doc. 24), and Plaintiff's Motion for Pima County and Naphcare to Provide Addresses (Doc. 27). Also before the Court is Defendants' Motion to Stay Proceedings Under Servicemembers Civil Relief Act and to Extend Responsive Pleadings Deadline (Doc. 23), to which Plaintiff responded (Doc. 25), and Defendant replied (Doc. 26). The Motions will be resolved as follows.

### I.    Background

On February 1, 2023, this Court ordered Defendants Perko, Reidy, Pina, Krause, and Thomas to answer Counts One, Two, and Three of Plaintiff's civil rights Complaint. (Doc. 9 at 12.). In Count One, Plaintiff alleges Defendants Thomas, Perko, and Reidy

denied him adequate medical treatment in violation of the Fourteenth Amendment after a fall. (*Id.* at 3.) Plaintiff alleges this fall occurred on August 18, 2022, after he returned to jail from the hospitalization alleged in Count Two. (*Id.*) In Count Two, Plaintiff asserts Defendant Krause violated his Fourteenth Amendment rights during an incident on August 15, 2022. (*Id.* at 4.) Plaintiff alleges Defendant Krause refused to assist him in placing a phone call to his lawyer and instead permitted Defendant to stand on a chair while handcuffed to attempt to place the call. (*Id.* at 4-5.) Plaintiff fell, injuring his neck, back, arms, and head. (*Id.* at 5.) He was hospitalized for two days and diagnosed with right hemiparesis and hypoesthesia. (*Id.*) Plaintiff claims he continues to suffer extreme pain daily, and Defendant Krause was deliberately indifferent to the fact that standing on the chair could result in serious injury. (*Id.*) In Count Three, Plaintiff asserts a Fourteenth Amendment excessive force claim against Defendant Pina based on a July 2022 incident in which Plaintiff alleges he was wrongfully "four pointed to [a] restraint board for over 2 hours." (*Id.* at 5.)

The Court's Service Order required Plaintiff to complete and return service packets and required the United States Marshal to notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (*Id.* at 12-13.) Defendants Pina, Reidy, and Krause waived service. (Docs. 19, 20, 21.) The United States Marshal was unable to serve Defendants Perko and Thomas at the address provided by Plaintiff. (Docs. 13, 14.)

On March 20, 2023, Plaintiff filed a Motion to Extend Time for Summons/Appointment of Counsel. (Doc. 12.). On April 17, 2023, he filed a Motion for Appointment of Counsel/Injunctive Relief. (Doc. 18.) On May 24, 2023, Plaintiff filed a Motion for Default Judgment. (Doc. 22.) On July 7, 2023, he filed a Motion for Pima County and Naphcare to Provide Addresses. (Doc. 27.)

On May 26, 2023, Defendants Reidy, Pina, and Krause filed a Motion to Stay the Case under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932, and Extend Responsive Pleading Deadline. (Doc. 23.)

1

**II.     Plaintiff's Motion for Entry of Default Judgment**

Plaintiff moves for a default judgment for "failure to respond to service of process/summons," and he requests compensatory, punitive, and nominal damages as to all Defendants. (Doc. 22.) Defendants Reidy, Pina, and Krause responded to the Motion, arguing that Plaintiff did not follow the two-step process required by Rule 55(a) of the Federal Rules of Civil Procedure and that the Motion is premature. (Doc. 24.)

A defendant within a judicial district of the United States who waives service "need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). The docket reflects that the request for waiver of service was sent to Defendants Reidy, Pina, and Krause on March 29, 2023.    (Docs. 15, 16, 17.) Accordingly, Defendants Reidy, Pina, and Krause had until May 30, 2023, to answer or otherwise respond to Plaintiff's Complaint.[1]  On May 26, 2023, Reidy, Pina, and Krause filed a Motion to Stay and requested an extension of time to respond to the Complaint. (Doc. 23.) Their Motion remains pending and is addressed below.  Defendants Perko and Thomas have not yet been served, and therefore their deadline to answer the Complaint has not begun to run.

Because no Defendant was in default when Plaintiff filed his Motion for Default Judgment, the Motion was filed prematurely.  Furthermore, Plaintiff failed to follow the two-step process set forth in Federal Rule of Civil Procedure 55, which requires a party to request entry of default by the Clerk of Court prior to moving for default judgment. Accordingly, the Court will deny Plaintiff's Motion for Default Judgment as to all Defendants.

. . . .

. . . .

---

[1]  The 60-day period expired on Sunday, May 28, 2023, and the following day was Memorial Day, a legal holiday.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), when computing time periods, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

1    **III.    Plaintiff's Motion to Extend Time for Summons/Appointment of Counsel,**
2    **Motion for Appointment of Counsel/Injunctive Relief, and Motion for Pima**
3    **County and Naphcare to Provide Addresses**

4    In his Motion to Extend Time for Summons/Appointment of Counsel, Plaintiff
5    requests an extension of time to complete service on Defendants, as well as the
6    appointment of counsel. (Doc. 12.) Plaintiff avers that prison officials have thrown his
7    mail away in the past and that he believes they are continuing to do so now to avoid
8    litigation because the docket does not reflect his return of the service packet to the Clerk
9    of Court. (*Id.*) In his Motion for Appointment of Counsel/Injunctive Relief, Plaintiff
10   again requests the appointment of counsel and also requests an "injunctive remedy
11   ordering Plaintiff access to legal mail and materials while on suicide watch as well as a
12   process to track Plaintiff's mail to this Court if counsel is not assigned." (Doc. 18.)
13   Plaintiff explains that he has been diagnosed with schizophrenia and is often placed on
14   suicide watch when his symptoms become extreme. (*Id.*) While on suicide watch,
15   Plaintiff claims he cannot receive mail and lacks access to legal materials and an
16   electronic tablet to file or respond to motions. (*Id.*) Plaintiff is particularly concerned
17   about his inability to receive time-sensitive court documents while on suicide watch. (*Id.*)
18   Due to his mental health and challenges on suicide watch, Plaintiff "believes the interest
19   of justice would be best served if Plaintiff was assigned legal counsel." (*Id.*) Finally,
20   Plaintiff asks the Court to order Pima County to provide Defendant Perko's last-known
21   address and to order Naphcare to provide Defendant Thomas's last-known address. (Doc.
22   27.)

23   There is no constitutional right to the appointment of counsel in a civil case. *See*
24   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In
25   proceedings in forma pauperis, the court may request an attorney to represent any person
26   unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. §
27   1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v.*
28   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination concerning exceptional

1   circumstances requires an evaluation of the likelihood of success on the merits and the

2   ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal

3   issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed

4   together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,

5   1331 (9th Cir. 1986)).

6         Having considered both elements, the Court finds no exceptional circumstances

7   that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at

8   1331. As an initial matter, Plaintiff does not address his likelihood of success on the

9   merits of his claims. The record at this time does not contain evidence establishing a

10   likelihood of success. Furthermore, Plaintiff's status as an incarcerated and self-

11   represented litigant does not alone constitute an "extraordinary circumstance" warranting

12   the appointment of counsel. Plaintiff's request for counsel appears to primarily be based

13   upon a suspicion that his mail is being withheld at the prison and a concern that Plaintiff

14   will experience difficulty litigating if placed on suicide watch. Plaintiff has not identified

15   any specific instances of mail being withheld or thrown away. Moreover, Plaintiff's

16   concern regarding the Clerk of Court's receipt of his service packet is unfounded, as the

17   docket reflects that the United States Marshal successfully delivered waiver of service

18   forms to Defendants Pina, Reidy, and Krause, and attempted to serve Defendants Perko

19   and Thomas at the address provided by Plaintiff. If Plaintiff is placed on suicide watch

20   and has difficulty litigating this case as a result, he may request appropriate relief,

21   including extensions of pending deadlines.  The Court will deny Plaintiff's Motions

22   without prejudice to re-filing later in these proceedings to the extent they seek the

23   appointment of counsel and injunctive relief.

24         The Court will grant Plaintiff's request for an extension of time to serve

25   Defendants Perko and Thomas and will partially grant Plaintiff's Motion for Pima

26   County and Naphcare to Provide Addresses. The docket reflects that service on

27   Defendants Perko and Thomas was attempted at 1750 East Benson Highway, Tucson,

28   AZ, 85714, but was unsuccessful. (Docs. 13, 14.) The remarks on the Process Receipt

1 and Return for Defendants Perko and Thomas indicate that the U.S. Marshals were
2 "unable to locate [the] address" of both Defendants. (Docs. 13, 14.) The Court confirmed
3 that the U.S. Marshal could not serve Defendants Perko and Thomas at 1750 East Benson
4 Highway because the Pima County Sheriff no longer employs Perko and Thomas.

5       To facilitate service on Defendants Perko and Thomas, the Court will require
6 defense counsel to file last-known addresses for both Defendants under seal.
7 Additionally, the Court will extend the service period by 60 days from the date of this
8 Order.

9 **IV.   Defendants' Motion to Stay Proceedings Under Servicemembers' Civil Relief**
10      **Act**

11       Defendants Krause, Reidy, and Pina move to stay this entire case pursuant to the
12 Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3932. (Docs. 23, 26.)
13 Defendants also request an extension of the deadline for Defendants Reidy, Pina, and
14 Krause to respond to the Complaint until 14 days after the Court rules on the Motion to
15 Stay or 14 days after any stay order of the case expires, whichever is later. (*Id.*)

16       The SCRA permits "the temporary suspension of judicial and administrative
17 proceedings and transactions that may adversely affect the civil rights of servicemembers
18 during their military service." 50 U.S.C. § 3902(2). Under the SCRA, a defendant may
19 apply to stay a civil proceeding if the defendant is in military service and has received
20 notice of the proceedings. 50 U.S.C. § 3932(a)(1)-(2). A stay application must include:
21 (1) details "stating the manner in which current military duty requirements materially
22 affect the servicemember's ability to appear and stating a date when the servicemember
23 will be available to appear;" and (2) documentation from "the servicemember's
24 commanding officer stating that the servicemember's current military duty prevents
25 appearance and that military leave is not authorized." 50 U.S.C. § 3932(b)(2). If the
26 applicant meets these conditions, the court "*shall*… stay the action for a period of not less
27 than 90 days." 50 U.S.C. § 3932(b)(1) (emphasis added). A servicemember granted a stay

28

"may apply for an additional stay based on continuing material [e]ffect of military duty on the servicemember's ability to appear." 50 U.S.C. § 3932(d)(1).

Here, Defendant Krause is eligible to apply for a stay under the SCRA because he received notice of the proceedings (Doc. 21) and was in military service when he requested the stay (Doc. 23-1). Defendant Krause has provided a memorandum from his commanding officer explaining that he is currently on active duty with the United States Army and deployed overseas for up to 365 days from March 20, 2023. (Doc. 23-1 at 2.) The memorandum confirms that Defendant Krause is currently not authorized military leave. (*Id.*) Thus, Defendant Krause's application satisfies the conditions of 50 U.S.C. § 3932(b)(2). Plaintiff concedes that Count Two, the only count against Defendant Krause, should be postponed until after the completion of his military service. (Doc. 25 at 3.) The Court will stay these proceedings as to Count Two and Defendant Krause. Defendant Krause shall notify the Court within 30 days of his return from deployment.

Next, the Court turns to Defendants' argument that these proceedings should be stayed as to non-military Defendants Reidy and Pina, in addition to Krause. (Doc. 23 at 5.) Defendants argue that all claims should be stayed because (1) all counts concern events that allegedly occurred over a short time; (2) each Defendant has "personal knowledge" of their interactions with Plaintiff historically and during the time of the alleged events; (3) each Defendant has "knowledge" relating to incidents alleged in each count; and (4) therefore, each Defendant is a "material witness" for each count. (*Id.* at 5.) Defendants also allege Plaintiff assaulted Defendant Krause in April 2022, and the assault is relevant to inform how Defendants interacted with Plaintiff and the safety protocols they followed. (Doc. 26 at 3.) In response, Plaintiff contends that "[a]t no time were any of the Defendants of Counts I, II, or III present for any of the Counts in the Complaint except the ones [they are] the subject of." (Doc. 25 at 3.)

With court approval, a plaintiff may proceed against the servicemember's codefendants who are not in the military and are not entitled to protections under the SCRA. 50 U.S.C. § 3935(b). In deciding whether to extend a stay to non-military

defendants, courts consider whether allowing the case to proceed would prejudice the absent servicemember's defense or that of the remaining defendants. *See Jesus Juarez v. Conwell*, No. CV 16-07498-BRO (GJS), 2017 WL 10560627, at *4 (C.D. Cal. Feb. 22, 2017) (citing *Johnson v. City of Philadelphia*, No. 07-2966, 2007 WL 3342413, at *3 (E.D. Penn. Nov. 6, 2007)).

Here, Defendant Krause is only named in Count Two of Plaintiff's three-count complaint and is the sole Defendant named in Count Two. In Count Two, Plaintiff alleges that on August 15, 2022, Defendant Krause was deliberately indifferent to the fact that Plaintiff standing on a chair could result in serious injury. Defendant Krause is not implicated in any way in Count One or Three. Count One involves Defendants Thomas, Perko, and Reidy and Plaintiff's alleged fall on August 18, 2022. Count Three only names Defendant Pina and involves excessive force alleged to have occurred in July 2022. Hence, the incidents alleged against the non-military Defendants occurred on different dates than those alleged against Defendant Krause, and the incidents appear to involve distinct facts, allegations, and evidence. Although Defendants assert that they possess "knowledge" about each claim, neither Defendant Krause nor the remaining Defendants claim they witnessed the events alleged in the counts they are not named in.

Because allowing Counts One and Three to proceed at this time would not prejudice Defendant Krause or the remaining Defendants, the Court will allow Counts One and Three against Defendants Thomas, Perko, Reidy, and Pina to proceed, with leave for Defendants to move for appropriate relief if the absence of Krause from this litigation prevents them from concluding discovery or dispositive motion briefing. Reidy and Pina shall answer or otherwise respond to Plaintiff's Complaint within 14 days of the date this Order is filed.

Accordingly,

**IT IS ORDERED**:

(1)    Plaintiff's Motion for Extension of Time for Summons/Appointment of Counsel (Doc. 12) is **granted in part and denied in part**. The Motion is **granted**, *nunc*

*pro tunc*, with respect to the request for an extension of time to complete service. The deadline for Plaintiff to complete service is extended to **sixty (60) days** from the date this Order is filed. The Motion is **denied without prejudice** with respect to the request for appointment of counsel.

(2)     Plaintiff's Motion for Pima County and Naphcare to Provide Addresses (Doc. 27) is **partially granted** to the extent the Court will order defense counsel to provide the last-known addresses of Defendants Perko and Thomas.  The Motion is **denied without prejudice** to the extent it requests any other relief.

(3)     Within **fourteen (14) days** of the date this Order is filed, defense counsel shall file **under seal** the last-known addresses of Defendants Perko and Thomas.

(4)     Plaintiff's Motion for Appointment of Counsel/Injunctive Relief (Doc. 18) is **denied without prejudice**.

(5)     Plaintiff's Motion for Default Judgment (Doc. 22) is **denied without prejudice**.

(6)     Defendants' Motion to Stay Proceedings Under Servicemembers Civil Relief Act and Extend Responsive Pleading Deadline (Doc. 23) is **granted in part and denied in part**. The Court will order Count Two against Defendant Krause to be **stayed** and Counts One and Three against Defendants Thomas, Perko, Reidy, and Pina to **proceed**. Defendants Reidy and Pina shall answer or otherwise respond to Plaintiff's Complaint within **fourteen (14) days** of the date this Order is filed. Defendant Krause shall notify the Court within **thirty (30) days** of his return from deployment.

Dated this 24th day of July, 2023.


_____
Honorable Rosemary Márquez
United States District Judge