**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Lee Luster, | No. CV-22-00519-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Respondents. | |

Plaintiff Marcus Lee Luster brought this pro se civil rights action under 42 U.S.C. § 1983, asserting Fourteenth Amendment violations for inadequate medical care, failure to protect, and excessive force arising from events that allegedly occurred while Plaintiff was a pretrial detainee at the Pima County Adult Detention Center. (Doc. 1.) The Court ordered Defendants Perko, Reidy, Pina, Krause, and Thomas to answer the Complaint. (Doc. 9.) The Court later temporarily stayed this action as to Defendant Krause under the Servicemembers Civil Relief Act (Doc. 28), and dismissed Defendant Thomas for failure to timely effect service (Doc. 93). On September 27, 2024, the Court denied Motions for Summary Judgment filed by Plaintiff and Defendants Reidy and Pina. (Doc. 111.) Defendants Reidy and Pina filed an interlocutory appeal. (Doc. 113.)

The following Motions are pending before the Court: Plaintiff's Motion to Charge Defendant Pina and Lt. Black with 18 U.S.C. § 241 Conspiracy Against Rights (Doc. 96); Plaintiff's Motion for Appointment of Counsel (Doc. 99); Plaintiff's Motion to Supplement (Doc. 103); Plaintiff's Motion to Compel Disclosure (Doc. 106); Plaintiff's

1   Motion for Interrogatories (Doc. 107); and Plaintiff's Motion to Inform Court of No

2   Settlement Date Being Given (Doc. 115).

3            **I.    Divestment of Jurisdiction**

4            Defendants Reidy and Pina have filed an interlocutory appeal of this Court's

5   denial of qualified immunity and any inextricably intertwined rulings in the Court's

6   September 27, 2024 Order.  (Doc. 113.)  In their Notice of Appeal, Defendants assert

7   that, in the absence of a certification by this Court that their claim of qualified immunity

8   is frivolous or has been waived, this Court is automatically divested of jurisdiction to

9   proceed with trial.  (*Id.*)

10            "[T]he filing of a notice of interlocutory appeal divests the district court of

11   jurisdiction over the particular issues involved in that appeal."  *City of Los Angeles,*

12   *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).  "[A] proper

13   appeal from a denial of qualified immunity automatically divests the district court of

14   jurisdiction to require the appealing defendants to appear for trial," unless the district

15   court certifies in writing "that the defendants' claim of qualified immunity is frivolous or

16   has been waived." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

17            The Court does not find that Defendants Reidy and Pina's claim of qualified

18   immunity is frivolous or has been waived, and therefore Defendants' interlocutory appeal

19   divests this Court of jurisdiction to proceed to trial on Plaintiff's claims against Reidy and

20   Pina.  However, it is not clear whether this action should be stayed in its entirety, or

21   whether litigation of the claims against Defendants Perko and Krause should proceed

22   during the pendency of Defendants Reidy and Pina's interlocutory appeal.  The Court

23   will require briefing from the parties on that issue.

24            In its September 27, 2024 Order, the Court referred this action to Magistrate Judge

25   Maria S. Aguilera for the limited purpose of conducting a settlement conference, and

26   directed the parties to contact Magistrate Judge Aguilera's chambers to schedule the

27   settlement conference. (Doc. 111 at 23.)  In his Motion to Inform Court of No Settlement

28   Date Being Given, Plaintiff avers that he has not been informed of any settlement

1   conference.  (Doc. 115.)  Given the interlocutory appeal filed by Defendants Reidy and

2   Pina, the Court will postpone ordering the parties to participate in a settlement conference

3   and will vacate the limited referral to Magistrate Judge Aguilera.  Plaintiff's Motion to

4   Inform Court of No Settlement Date Being Given will be denied to the extent it requests

5   any relief.

6        The Court finds that Defendants Reidy and Pina's interlocutory appeal divests it of

7   jurisdiction over Plaintiff's Motion to Charge Defendant Pina and Lt. Black with 18

8   U.S.C. § 241 Conspiracy Against Rights and Plaintiff's Motion to Compel Disclosure.  In

9   the former Motion, Plaintiff asks the Court to criminally charge Defendant Pina and

10  Lieutenant Black with conspiracy to violate Plaintiff's rights based on allegedly false

11  declarations submitted by Pina and Black in support of the Motions for Summary

12  Judgment addressed in the Court's September 27, 2024 Order.  (Doc. 96.)  In the Motion

13  to Compel Disclosure, Plaintiff requests discovery of evidence related to issues resolved

14  in the September 27, 2024 Order.  (Doc. 106.)  Because these Motions relate to issues

15  involved in Defendants Reidy and Pina's interlocutory appeal of the September 27, 2024

16  Order, the Court will deny the Motions for lack of jurisdiction.  *See City of Los Angeles,*

17  *Harbor Div.*, 254 F.3d at 886; *see also* Fed. R. Civ. P. 62.1(a)(2) (court may deny a

18  motion that it lacks authority to grant due to a pending appeal).

19      Furthermore, even if the Court were not divested of jurisdiction over the Motions,

20  the Motions fail on the merits.  The Court has no authority to initiate criminal

21  prosecutions and therefore no authority to grant Plaintiff's Motion to Charge Defendant

22  Pina and Lt. Black.  *See United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986)

23  (noting that the Attorney General and United States Attorneys have exclusive discretion

24  to decide whether to prosecute).  With respect to the Motion to Compel, Plaintiff has not

25  shown that Defendants failed to respond to any timely served interrogatories or that they

26  failed to disclose inmate names as ordered by the Court.  (*See* Doc. 93.)  Furthermore,

27  Defendants aver that they resent a link to the requested video evidence on September 12,

28  2024, and that Plaintiff may view the video footage by contacting CO III Jacob

1    Monsibais.  (Doc. 110.)  Plaintiff has not contested or responded to that averment.

2         The other pending Motions in this case involve issues distinct from those involved

3    in Defendants Reidy and Pina's interlocutory appeal, and therefore it is not clear that this

4    Court has been divested of jurisdiction over the other Motions.  However, as discussed

5    below, the Motions fail on the merits.

6         **II.    Plaintiff's Motion for Appointment of Counsel**

7         In his Motion for Appointment of Counsel, Plaintiff argues that the appointment

8    of counsel is warranted because this case turns on credibility issues, and Plaintiff's

9    mental illness creates unique challenges to his ability to litigate this case pro se.  (Doc.

10   99.)  Defendants oppose Plaintiff's request for the appointment of counsel and ask the

11   Court to sanction Plaintiff for filing this Motion.  (Doc. 102.)

12        There is no constitutional right to the appointment of counsel in a civil case.  *See*

13   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In

14   proceedings in forma pauperis, the court may request an attorney to represent any person

15   unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. §

16   1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v.*

17   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination concerning exceptional

18   circumstances requires an evaluation of the likelihood of success on the merits and the

19   ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal

20   issues involved.  *Id.*

21        While Defendants are correct that this Court has already denied prior requests for

22   the appointment of counsel made by Plaintiff in this case, it did so without prejudice to

23   re-filing.  (*See, e.g.*, Doc. 28 at 5; Doc. 93 at 3.)  Furthermore, by arguing that his mental

24   health problems impede his ability to litigate this case and that the case turns on

25   credibility issues that must be resolved at trial, Plaintiff has reasonably addressed the

26   relevant factors affecting whether the appointment of counsel is warranted.  Accordingly,

27   the Court denies Defendants' request to sanction Plaintiff for filing the Motion for

28   Appointment of Counsel.  However, the Court agrees with Defendants that Plaintiff's

1    Motion includes inappropriate personal attacks on Defendants' counsel.  For example, in

2    the Motion, Plaintiff states that Defendants' counsel has "proven to be nothing more than

3    white trash."  (Doc. 99 at 2.)  The Court warns Plaintiff that sanctions may be imposed if

4    he continues to include derogatory personal attacks in future filings.

5         The Court finds that the denial of summary judgment to Defendants Reidy and

6    Pina is a significant development affecting the analysis of Plaintiff's success on the

7    merits of the claims against Reidy and Pina.  Furthermore, the Court is sympathetic to the

8    difficulties that Plaintiff's mental health issues have on his ability to litigate this action

9    pro se.  Nevertheless, no exceptional circumstances warrant the appointment of counsel at

10   this time.  This Court is divested of jurisdiction to proceed to trial on Plaintiff's claims

11   against Defendants Reidy and Pina during the pendency of their interlocutory appeal.

12   The parties have not completed discovery with respect to Plaintiff's claims against

13   Defendants Perko and Krause, and Plaintiff's likelihood of success on the merits of those

14   claims is unclear at this time.  Plaintiff has demonstrated an ability to litigate his claims,

15   at least to the summary judgment stage, notwithstanding his mental health issues.

16   Accordingly, Plaintiff's Motion for the Appointment of Counsel will be denied with

17   leave to refile after the conclusion of Defendants Reidy and Pina's interlocutory appeal or

18   after resolution of any dispositive motions filed with respect to the claims against

19   Defendants Perko and Krause.

20        **III.    Plaintiff's Motion to Supplement**

21        In his Motion to Supplement, Plaintiff seeks leave to file a supplemental pleading

22   that adds new counts and defendants.  (Doc. 103; Doc. 103-1.)   The proposed

23   supplemental pleading asserts constitutional violations arising from events that occurred

24   on January 20, 2023; January 23, 2023; January 24, 2023; and from June 13, 2020, to

25   around July 13, 2023.  (Doc. 103-1.)  Defendants oppose the Motion to Supplement,

26   arguing that the deadline to amend pleadings expired long ago, and that Plaintiff's

27   proposed supplemental pleading concerns alleged events that are separate and distinct

28   from those raised in the operative Complaint.  (Doc. 104.)

1    Plaintiff filed the Motion to Supplement on August 9, 2024, nearly a year after

2  expiration of the deadline for joining parties and amending pleadings.  (*See* Doc. 35.)[1]

3  Plaintiff's proposed supplemental pleading relates to events that occurred before the

4  deadline for joining parties and amending pleadings, and Plaintiff offers no explanation

5  why he failed to move to file the supplemental pleading prior to expiration of the

6  deadline.  Because Plaintiff has failed to show good cause for his delay in moving to join

7  parties and amend his Complaint, the Motion to Supplement will be denied as untimely.

8    Furthermore, Plaintiff has not shown that supplementation is appropriate under

9  Federal Rule of Civil Procedure 15(d).  While supplementation under Rule 15(d) is

10  favored when it would promote judicial economy, supplementation "cannot be used to

11  introduce a separate, distinct and new cause of action."  *Planned Parenthood of S. Ariz. v.*

12  *Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks omitted).  Plaintiff's

13  proposed supplemental pleading raises claims arising from events that involved different

14  individuals, and occurred on different dates, than the events at issue in the operative

15  Complaint.  Count 7 of the proposed supplemental pleading raises an entirely unrelated

16  new cause of action, and Counts 4-6 involve distinct legal issues, as they appear to raise

17  official capacity claims asserting a policy of punitive use of restraint boards.  (*See* Doc.

18  103-1.)  Accordingly, even if Plaintiff's Motion to Supplement had been timely filed, it

19  fails on the merits.

20  ### IV.    Plaintiff's Motion for Interrogatories

21    In his Motion for Interrogatories, Plaintiff asks the Court to allow him to serve

22  interrogatories on Defendant Krause.  (Doc. 107.)  The Court will deny this Motion as

23  premature because discovery has not yet commenced with respect to Plaintiff's claims

24  against Defendant Krause.[2]  If the Court determines, following the briefing ordered

25  herein, that litigation of Plaintiff's claims against Defendants Krause and Perko should

26  [1] The Court extended certain Scheduling Order deadlines (Doc. 60), but it did not extend
the deadline for moving to join parties or amend pleadings (Doc. 35).

27  [2] As discussed above, this action was temporarily stayed as to Defendant Krause under
the Servicemembers Civil Relief Act.  (Doc. 28.)  Defendant Krause filed an Answer on

28  May 28, 2024 (Doc. 92), but the Court has not yet issued a scheduling order governing
the claims against Krause.

proceed during the pendency of Defendants Reidy and Pina's interlocutory appeal, the Court will issue a scheduling order governing discovery and dispositive motions with respect to those claims.[3]

**IT IS ORDERED**:

1. Plaintiff's Motion to Charge Defendant Pina and Lt. Black with 18 U.S.C. § 241 Conspiracy Against Rights (Doc. 96) is **denied**.

2. Plaintiff's Motion for Appointment of Counsel (Doc. 99) is **denied**.

3. Plaintiff's Motion to Supplement (Doc. 103) is **denied**.

4. Plaintiff's Motion to Compel Disclosure (Doc. 106) is **denied**.

5. Plaintiff's Motion for Interrogatories (Doc. 107) is **denied**.

6. Plaintiff's Motion to Inform Court of No Settlement Date Being Given (Doc. 115) is **denied**.

7. The limited referral to Magistrate Judge Maria S. Aguilera for purposes of conducting a settlement conference (Doc. 111) is **vacated**.

8. Within **fourteen (14) days**, Defendants shall file a brief addressing whether litigation of Plaintiff's claims against Defendants Krause and Perko should proceed during the pendency of the interlocutory appeal filed by Defendants Reidy and Pina.  Plaintiff may file a responsive brief within **fourteen (14) days** of service of Defendants' brief.  The parties' briefs shall be no longer than ten (10) pages each.

Dated this 27th day of February, 2025.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] Due to issues with service of process, Defendant Perko was not served until shortly before the close of discovery in this case.  (*See* Docs. 60, 89.)